No. 3356

Second Circuit

MODEL CLEANERS & DYERS, INC., ET AL. v. FALCONE

(July 1, 1929. Opinion and Decree.)

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for plaintiffs, appellees.

R. D. Fuller, of Shreveport, attorney for defendant, appellant.

WEBB, J. The defendant, Mrs. Charles Falcone, issued execution on a judgment which she obtained against Model Cleaners & Dyers, Inc., under which property in the hands of Excelsior Steam Laundry Company, Limited, was seized as the property of Model Cleaners & Dyers, Inc., and in the present action by Model Cleaners & Dyers, Inc., and Excelsior Steam Laundry Company, Limited, to annul the judgment and restrain the sale of the property judgment was rendered decreeing the judgment null and void and restraining the sale of the property, and defendant, Mrs. Falcone, appeals.

There was not any objection to the method of procedure in which the plaintiffs attacked the judgment and obtained an injunction restraining the sale of the property, and the only question presented on the appeal is, whether or not the evidence established that the judgment in favor of Mrs. Falcone against Model Cleaners & Dyers, Inc., was valid, and whether the property seized was the property of Excelsior Steam Laundry Company, Limited.

The judgment was attacked on the ground that it had been rendered without citation, or any appearance on the part of Model Cleaners & Dyers, Inc., and the injunction was issued on the allegation that the property seized belonged to Excelsior Steam Laundry Company, Limited.

In the suit of Mrs. Falcone against Model Cleaners & Dyers, Inc., the return on the citation shows that process was served on C. P. Keese, Mgr., at the domicile of Model Cleaners & Dyers, Inc., and the testimony of Keese was that he was not in any manner connected with Model Cleaners & Dyers, Inc., at the time of service of process on him, and there is not any evidence in conflict with his statement, and the evidence further shows that there was not any appearance by Model Cleaners & Dyers, Inc., and also that the property seized was the property of Excelsior Steam Laundry Company, Limited. And under the evidence presented the judgment was correct and is affirmed.